**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

David Thomas Lumpkin,

      Plaintiff,

      -vs-

Core Civic Northeast Ohio
Correctional Center,

      Defendant.

Case No.  4:25cv747

JUDGE PAMELA A. BARKER

ORDER

Currently pending is *pro se* Plaintiff David Thomas Lumpkin's Emergency Motion for Appointment of Counsel.  (Doc. No. 7.)  For the following reasons, Plaintiff's Motion is denied without prejudice.

On April 14, 2025, Plaintiff filed a *pro se* Complaint in this Court against Defendant Core Civic Northeast Ohio Correctional Center (hereinafter "Core Civic"). (Doc. No. 1.)  Plaintiff alleges that, in December 2021, he was an inmate at Core Civic.  (*Id*. at PageID# 3.)  He alleges that he had a prosthetic leg and that Core Civic's facilities were "not accommodating for [his] physical limitations" and caused him injury.  (*Id.*)  Specifically, Plaintiff alleges, in relevant part, as follows:

> [W]hile housed at [Core Civic] there [sic] handicapped showers were inoperable, to the point where I could not possibly shower.  I wrote a grievance on 12-25-2021 about the shower seat.  I received a response from a staff member on the grievance on 1-9-22.  A work order was made.  I cannot get my prosthetic leg wet, so I was forced to take a shower while sitting in a plastic chair.  I then collapsed in a shower that was not a handicapped shower on 12-29-2021 and busted my prosthetic leg open and had to have surgery to have more of an operation for my lower extremity.

(*Id*.) Plaintiff further alleges that this incident caused him to "get some more of [his] leg cut off because of the infection it put me in a wheelchair for 2 years." (*Id*. at PageID# 5.) Plaintiff seeks $365 million in pain and suffering. (*Id*.)

On August 8, 2025, service was returned executed on Core Civil via Fed Ex. (Doc. No. 6.) On August 21, 2025, counsel for Core Civic entered an appearance and requested an extension of time until September 29, 2025 to answer the Complaint. (Doc. Nos. 9, 10.) The Court granted Core Civic's request for extension.

Meanwhile, on August 11, 2025, Plaintiff filed an Emergency Motion to Appoint Counsel. (Doc. No. 7.) Therein, Plaintiff states that, due to his incarceration,[1] "my mail is often received late, I am unable to consult with defendant's counsel, and now realize the difficulty presented in providing interrogatories." (*Id.*) Plaintiff argues that, in the interest of justice, "it would be more just if I were appointed counsel, to assist me in this matter."[2] (*Id.*)

A district court has the discretion to appoint counsel in a civil proceeding. *See Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993); 28 U.S.C. § 1915(e)(1). It is not a constitutional right. *See Lavado*, 992 F.2d at 605. "Indeed, unlike a criminal case where a defendant has a constitutional right to the assistance of counsel, the Constitution does not require representation in a civil matter." *Davison v. City of Lorain*, 2024 WL 4492251 at * 5 (N.D. Ohio Oct. 15, 2024). Rather, appointment of counsel in a civil case is a privilege that "is justified only by exceptional

---

[1] Plaintiff alleges that he is currently incarcerated at FCI Beckley in Beaver, West Virginia. (Doc. No. 1 at PageID#s 2, 3.)

[2] Also on August 11, 2025, Plaintiff filed a Consent to Exercise of Jurisdiction by the Magistrate Judge that was signed solely by him. (Doc. No. 8.) Because this Consent form was not also signed by counsel for Defendant, the Court may not transfer jurisdiction over this matter to the assigned Magistrate Judge.

circumstances." *Lavado,* 992 F.2d at 606 (citation omitted).  When determining whether exceptional circumstances exist, courts generally examine "the complexity of the factual and legal issues involved" and "the plaintiff's ability to represent himself." *Id.  See also Gardi v. Damschroder*, 2024 WL 5105530 at * 4 (6th Cir. Sept. 23, 2024).

For the following reasons, Plaintiff's request for appointment of counsel in the instant case is denied without prejudice.  While the Court recognizes the difficulties facing *pro se* litigants, the Court is not persuaded that Plaintiff's request for an attorney implicates the necessary "exceptional circumstances" that warrant appointment of counsel at this time.  Upon careful review of the Complaint, the Court concludes that the factual and legal issues regarding liability in this case are not particularly complex.  Moreover, although it is early in the case, Plaintiff has demonstrated his ability to handle his case in a *pro se* capacity thus far, despite the fact that he is currently incarcerated.  Thus, and after careful and considered review, the Court denies Plaintiff's Motion for Appointment of Counsel (Doc. No. 7) at this time.  However, in the event that Plaintiff's claims survive dismissal after dispositive motions, Plaintiff may re-file a motion for appointment of counsel to the extent that he believes that expert medical testimony or evidence is necessary to establish damages.

**IT IS SO ORDERED.**

 s/Pamela A. Barker
PAMELA A. BARKER
Date:  September 9, 2025          U. S. DISTRICT JUDGE

3