IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID THOMAS LUMPKIN JR., | CASE NO. 4:25-cv-747 |
| Plaintiff, | DISTRICT JUDGE PAMELA A. BARKER |
| vs. | |
| CORE CIVIC NORTHEAST OHIO CORRECTIONAL CENTER, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Defendant. | **ORDER** |

In March 2025, pro se Plaintiff David Thomas Lumpkin Jr. filed this prisoner civil rights action against Defendant Core Civic Northeast Ohio Correctional Center for an injury he suffered to his prosthetic leg while showering at the prison. Doc. 1. On September 29, 2025, Core Civic filed under Federal Rule of Civil Procedure 12(b)(6) a Motion to Dismiss the complaint as time-barred and for failing to state a claim. Doc. 16.

Lumpkin sought and received from the Court an extension of time to respond to Core Civic's motion. Doc. 18, 19. Within this time-frame, Lumpkin filed a Motion seeking leave to add five new defendants: Core Civic's warden; "Health Services Administrator McMahon"; the United States of America; Nurse Practitioner Henderson; and Dr. Luis Ramos. Doc. 20, at 1. He also filed a Motion seeking leave to amend his complaint. Doc. 21. In this Motion, Lumpkin explains that the factual basis for his claims is not only the initial

injury that occurred on December 29, 2021, but also follow-up treatment that occurred or was denied in November 2022. *Id.* at 3; *see also* Doc. 1-2 at 3 (Lumpkin's affidavit describing his November 2022 request for a second opinion that was denied and the provider's subsequent alleged misdiagnosis and treatment of Lumpkin's leg wound).

Core Civic has not responded to Lumpkin's motions and the time to do so has passed.

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to a party to amend a complaint "when justice so requires." A court may deny a party leave to amend under a number of circumstances, including bad faith, undue delay, dilatory motives, undue prejudice to the opposing party, repeated failure to cure deficiencies in prior amendments, and futility. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 139 (2019); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, it does not appear that Lumpkin has exhibited bad faith, undue delay, or dilatory motives. Rather, he has promptly sought amendment after Core Civic filed its motion to dismiss.[1] Core Civic has not responded to Lumpkin's motions, so it has not alleged that it would suffer undue prejudice if the Court were to grant the motions. This is Lumpkin's first request to

---

[1]    Because the Court has not held a Case Management Conference, a deadline to amend the pleadings has not been set. Federal Rule of Civil Procedure 16(b)(4) is therefore not implicated here.

amend his complaint, so he has not repeatedly failed to cure deficiencies in prior amendments.

Finally, it cannot be said at this stage that Lumpkin's amendments would be futile. Again, Core Civic has not opposed Lumpkin's motions, and I decline to make arguments on its behalf. Suffice it to say that, while Core Civic based its time-bar argument on Lumpkin's December 2021 injury, Lumpkin in his motion discusses another claim that accrued in November 2022. Doc. 21, at 3. And Lumpkin's motion to add new defendants includes people related to that November 2022 event. *See id.* at 3–4; Doc. 1-1 at 3; Doc. 20. Because courts should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), I grant Lumpkin's motions to add new defendants and amend his complaint, Docs. 20, 21.

Lumpkin is to file an amended complaint on the docket, including all of his claims and listing the new defendants. Lumpkin must also provide summonses for each new defendant. Lumpkin's amended complaint and summonses are due on January 16, 2026.

So Ordered.

Dated: December 16, 2025

　　　　　　　　　　　　　　　 */s/ James E. Grimes Jr.*
　　　　　　　　　　　　　　　 James E. Grimes Jr.
　　　　　　　　　　　　　　　 U.S. Magistrate Judge