IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID THOMAS LUMPKIN JR., | CASE NO. 4:25-cv-747 |
| Plaintiff, | DISTRICT JUDGE PAMELA A. BARKER |
| vs. | |
| CORE CIVIC NORTHEAST OHIO CORRECTIONAL CENTER, *et al.*, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Defendants. | **REPORT AND RECOMMENDATION** |

On April 14, 2025, the Court received pro se Plaintiff David Thomas Lumpkin Jr.'s prisoner civil rights complaint against Defendant Core Civic Northeast Ohio Correctional Center. Doc. 1. Lumpkin included with his Complaint summons addressed to Core Civic. Doc. 1-3. The U.S. Marshals served the summons on Core Civic, Doc. 4, 6, and Core Civic's attorney filed a notice of appearance in this case. Doc. 9.

On December 1, 2025, Lumpkin filed motions for leave to amend his complaint and to add new defendants. *See* Doc. 20, 21. On December 16, the Court granted Lumpkin's motions and ordered Lumpkin "to file an amended complaint on the docket, including all of his claims and listing the new defendants." Doc. 22, at 3. The Court added that "Lumpkin must also provide summonses for each new defendant." *Id*. The Court sent Lumpkin a copy of its Order and a blank summons form. *See docket service remark*, 12/16/2025.

Lumpkin's amended complaint and summonses were to be filed by January 16, 2026. Doc. 22, at 3.

On January 13, Lumpkins filed his amended complaint naming three new defendants. Doc. 24. He did not provide summonses for these new defendants.

On January 22, the Court issued an Order observing that Lumpkin had failed to provide summonses as ordered. *See non-doc order*, 1/22/2026. The Court ordered Lumpkins to provide the summonses by February 5, and warned him that "his failure to provide the Court with summons may result in his case being dismissed against the new defendants." *Id*. To date, over two weeks past the extended deadline, Lumpkin still has not provided the Court with summonses for the new defendants or sought more time to do so.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *see also Southern Wabash Comm'ns, Ltd. v. Union Cty. Broad. Co.*, 69 F. App'x 285, 290 (6th Cir. 2003) ("A district court does not abuse its discretion in dismissing a case 'if the party has the ability to comply with a[n] . . . order but does not.'") (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). In the analogous context of dismissing an entire case for the plaintiff's failure to prosecute, a court

considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the … party's conduct; (3) whether the … party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Here, as to the first factor, Lumpkin has not complied with rules of service or the Court's Orders. Lumpkin has shown that he understands the need for summonses—he provided the Court with a summons for his initial complaint. Doc. 1-3. He has shown that he can follow Court orders—he timely submitted an Amended Complaint as instructed. Doc. 24. And yet Lumpkin has not provided summonses for his newly added defendants, despite the Court twice ordering him to do so and providing him with a blank summons form for his convenience. *See* Doc. 22; *service remark*, 12/16/2025, *non-doc order*, 1/22/2026. Lumpkin has therefore shown a "reckless disregard for the effect of [his] conduct on th[e]se proceedings." *See Wu*, 420 F.3d at 643 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). The first factor weighs against Lumpkin.

As to the third factor, this Court warned Lumpkin that his failure to provide summonses could lead to dismissal of his newly added defendants. *See non-doc order*, 1/22/2026. Less drastic sanctions are not an option because

3

there is nothing more the Court can do. Simply put, this case cannot get off the ground until Lumpkin provides summonses so that the new defendants can be served. These factors weigh against Lumpkin.

Finally, as to the second factor, Defendant Core Civic has not yet been prejudiced by Lumpkin's failure. This is so because Core Civic requested, and received, an extension of time to respond to Lumpkin's Amended Complaint. Doc. 25. In its motion, Core Civic explained that once Lumpkin executes service on the new defendants, it intended to "file a single response" to Lumpkin's "Amended Complaint on behalf of all properly served Defendants," rather than "filing … numerous, piecemeal responsive pleadings." *Id.*, at 3. But without summonses, service cannot be made on the new defendants. This means that the Court will either order Core Civic to respond now and potentially later, which would prejudice Core Civic;[1] or stay Core Civic's response time for about seven more weeks[2] while waiting to see if Lumpkin will decide to comply with the Court's order, and the Federal Rules of Civil Procedure, to provide summonses for service.

This case has already been pending for 10 months. Lumpkin has had time and opportunity to comply with the Court's order to provide summonses

---

[1] The Court will be burdened as well, having to navigate multiple responses instead of one omnibus response.

[2] On April 13, the 90-day period for service on the new defendants will have expired, and if Lumpkin were to fail to provide summonses before then the Court *must* dismiss the new defendants. *See* Fed. R. Civ. P. 4(m).

4

for service on the new defendants and has failed to do so. And the factors described above favor dismissal of the newly added defendants.

For all of these reasons, I recommend that the Court dismiss, without prejudice, the three defendants that Lumpkin added in his Amended Complaint—the Warden, Cindy Wetzel, and Ciara Murphy—for Lumpkin's failure to comply with Court orders and to prosecute his case.

Dated: February 23, 2026

          /s/ *James E. Grimes Jr.*
          James E. Grimes Jr.
          U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).