**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **David Thomas Lumpkin, Jr.,** | **Case No. 4:25-cv-00747-PAB** |
| **Plaintiff,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **Core Civic Northeast Ohio Correctional Center, et al.** | |
| | **MEMORANDUM OPINION & ORDER** |
| **Defendants.** | |

## I.      Background

On April 14, 2025, Plaintiff David Thomas Lumpkin, Jr. ("Lumpkin") filed his Complaint against Defendant Core Civic Northeast Ohio Correctional Center ("Core Civic").  (Doc. No. 1.)  On September 10, 2025, the Court referred this matter to Magistrate Judge James E. Grimes, Jr. for pretrial supervision.  (Doc. No. 14.)  On September 25, 2025, Core Civic filed a Motion to Dismiss. (Doc. No. 16.)  On December 1, 2025, Lumpkin filed two motions: (1) a Motion Seeking Leave to Add Defendants, and (2) a Motion to Seek Leave to Amend Complaint.  (Doc Nos. 20, 21.)  On December 16, 2025, Judge Grimes issued an Order granting these Motions and ordered Lumpkin "to file an amended complaint on the docket, including all of his claims and listing the new defendants. Lumpkin must also provide summonses for each new defendant. Lumpkin's amended complaint and summonses are due on January 16, 2026."

On January 13, 2026, Plaintiff filed his Amended Complaint naming Core Civic and three new defendants: (i) the "Warden," (ii) Cindy Wetzel, and (iii) Ciara Murphy.  On January 14, 2026, based on the filing of the Amended Complaint, the Court denied Core Civic's Motion to Dismiss as

moot.

On January 22, 2026, Judge Grimes issued the following Order:

> The Court ordered Plaintiff Lumpkins to provide summonses by January 16 for each new defendant he added in his Amended Complaint and provided Lumpkins with a blank summons form. Doc. 22. Lumpkins filed his Amended Complaint but has not provided summons for the new defendants. Lumpkins is ordered to provide the Court with summons, by February 5, for the three new defendants that he added. Lumpkins is warned that his failure to provide the Court with summons[es] may result in his case being dismissed against the new defendants.

As of February 23, 2026, the docket did not reflect that Lumpkin provided the summonses to the Court as ordered.  That same day, Judge Grimes issues the R&R recommending "that the Court dismiss, without prejudice, the three defendants that Lumpkin added in his Amended Complaint— the Warden, Cindy Wetzel, and Ciara Murphy—for Lumpkin's failure to comply with Court orders and to prosecute his case." (Doc. No. 26, PageID #114.)

On March 16, 2026, Lumpkin filed an Objection to the R&R, to which Core Civic responded on March 30, 2026.  (Doc Nos. 28, 30.)  Accordingly, Lumpkin's Objection is ripe for review.

## II.     Analysis

Parties must file any objections to a report & recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2).  Failure to object within this time waives a party's right to appeal the district court's judgment.  *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).  When a petitioner objects to a magistrate judge's resolution of a dispositive matter, the district court reviews those objections *de novo*.  Fed. R. Civ. P. 72(b)(3). Specifically, a district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

2

*Id.*

In his Objection, Lumpkin asserts that on February 3, 2026 he "delivered to FCI Beckley mailroom staff the summonses for three new defendants as ordered," and "placed the summonses in an envelope, properly address and stamped and mailed them via certified mail." (Doc. No. 28, PageID #119.)  He further asserts that "[o]n February 5, 2026, [he] received the certified mail receipt from the U.S. Postal service with a post-mark date of February 3, 2026." (*Id.*)  As support, Lumpkin attaches the certified mail receipt and tracking information for this mail, which shows delivery of the certified mail on February 9, 2026.  (Doc. Nos. 28-2, 28-3.)  Lumpkin also attaches an Affidavit to his Objection averring that he took these steps to mail the summonses to the Court.  (Doc No. 28-1.)  For these reasons, Lumpkin requests that "the Court find [his] failure to timely file summonses on three new defendants was not due to willfulness, bad faith, or fault." (Doc. No. 28, PageID #120.)  Core Civic responded that it "takes no position on Plaintiff's Objections to Report and Recommendations." (Doc. No. 30, PageID #136.)

The Court sustains the Objection. At the time Judge Grimes issued his Report and Recommendation, the docket reflected that Plaintiff had failed to comply with Judge Grimes's January 22, 2026 Order.  However, with his Objection, Plaintiff submitted evidence showing that he attempted to comply with Judge Grimes's order.  (Doc. No. 28.)

Judge Grimes' Order required him to provide the summonses by February 5, 2026.  By operation of the prison mailbox rule, Lumpkin filed the summonses on February 3, 2026 prior to the expiration of Judge Grimes' deadline. *Houston v. Lack*, 487 U.S. 266, 276-77, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Engler v. Foley*, No. 1:22-CV-01066, 2025 U.S. Dist. LEXIS 187414, at *17 (N.D. Ohio Sept. 24, 2025); *Welch v. Lazaroff*, No. 1:14CV2328, 2016 U.S. Dist. LEXIS 53568, at

3

*1-2 (N.D. Ohio Apr. 21, 2016).  Although Lumpkin's mail appears to have been correctly addressed to 801 W. Superior Ave, Cleveland, OH 44113 (Doc. No. 28-2), and appears to have been delivered (Doc. No. 28-3), the summonses were never docketed by Clerk.  For these reasons, the Court declines to dismiss the three defendants that Plaintiff added in his Amended Complaint as recommended.

### III.    Conclusion

For the reasons stated herein, Lumpkin's Objection is sustained.  Defendant Core Civic represented in its Response (Doc. No. 30) that "Defendants Bobby, Wetzel, and Murphy . . . no longer work for Defendant and therefore cannot be served at Defendant's Northeast Ohio Correctional Center" and that it that it will "provide these Defendants' last known contact information to the Court under seal for service purposes should the Court order it to do so."  (Doc. No. 30, PageID #136.)   No later than July 17, 2026, Defendant Core Civic shall provide this information to Plaintiff by mail and shall file a proof of service under seal.  Plaintiff shall provide the Court with new summonses and completed Forms USM-285 for each new defendant, no later than August 17, 2026.  The Court expressly warns that no further extensions of this deadline will be granted to Plaintiff and that failure to abide by this order will result in dismissal of the new defendants for failure to prosecute.

Separately, the Court grants Defendant Core Civic's request for "an extension [of its deadline to respond to the Amended Complaint] until 20 days after service of the Amended Complaint on the individual Defendants."  Core Civic's response to the Amended Complaint shall be due 20 days after service on the individual Defendants.

**IT IS SO ORDERED.**

      *s/Pamela A. Barker*
      PAMELA A. BARKER
Date:  July 13, 2026          U. S. DISTRICT JUDGE